## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 4:10cr303 |
| **Plaintiff,** | ) ) | Judge Dan Aaron Polster |
| -vs- | ) ) | <u>ORDER</u> |
| **NAIL MAJID,** | ) ) | |
| **Defendant(s).** | ) ) | |

Before the Court is Defendant's Motion to Dismiss Second Count of Indictment as Violative of the Second Amendment, or in the Alternative, Motion to Permit Defendant to Present Factual Heller Constitutional Argument and Evidence of Self Defense (ECF #16), filed November 28, 2010. The Government filed its opposition to the motion on November 30, 2010 (ECF #17).

Count 2 of the Indictment charges the defendant with knowingly and unlawfully possessing a Colt AR-15 rifle with a barrel length of 9.5 inches. In his motion, Defendant argues that Count 2 of the Indictment, Possession of an Unregistered Firearm (26 USC §5861(d)), is unconstitutional. He argues that because of the commonness of the AR-15, the restriction on the length and other technical restrictions violates the tenets of <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008). The Government points out in its response, and the Court agrees, that Defendant's reliance on <u>Heller</u> is misplaced. <u>Heller</u> states that "the Second Amendment right is not unlimited. It is not a right to keep and carry any weapon whatsoever in any manner

whatsoever and for whatever purpose." Heller, at 2816-17.  Heller further states that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." Heller, at 2815-16.  Defendant, in his motion, describes the AR-15 as the "semi-automatic version of the infamous M-16 machine gun overwhelmingly used by today's modern US and NATO troops." Although Defendant argues and presents documents regarding the commonness of the weapon in question, the Court agrees with the Government that the short-barrel AR-15 is not a weapon that is typically possessed by law-abiding citizens for lawful purposes.  The fact that Defendant has been on disability since 2003 from the Chicago Police Department and living in Ohio has no bearing on whether he could legally possess this weapon.  (Defendant concedes that the gun was not provided to him by the Chicago Police Department.)  Further, the law does not prohibit anyone from possessing an AR-15, but only requires registration. Defendant needed only to purchase a barrel longer than 16 inches to bring the weapon into compliance or to get a license to possess the weapon with a shorter barrel.  The defendant did neither.[1]

In the second part of his motion, Defendant requests that if the Court does not declare 26 USC §5861(d) unconstitutional, that he be allowed to present facts at trial on the commonality of the AR-15 and the necessity of Defendant to have the weapon for his employment and to protect his home.  Defendant avers that the facts of this case give rise to a justification defense and he questions the statute's constitutionality as applied to this case.  First, a jury trial is not the appropriate forum to challenge the constitutionality of this statute.  Second, Defendant was on disability from the Chicago Police Department since 2003 and therefore had no reason to possess this weapon for his job as he claims.  Defendant has failed to show any basis upon which he would be permitted to legally possess a short-barrel AR-15.

As stated in the Government's response, Defendant must meet five elements in order to

---

[1] The Government noted in its response that the defendant admitted to DEA and ATF that he had purchased a new barrel after his arrest

present a claim of justification. Four of these elements were set forth in United States v. Riffe, 28 F.3d 565, 569 (6th Cir. 1994) and United States v. Gant, 691 F.2d 1159 (5th Cir. 1982) and the fifth was added in United States v. Singleton, 902 F.2d 471 (6th Cir. 1990):

1. that the defendant was under an unlawful and present, imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;

2. that the defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;

3. that the defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm;

4. that a direct causal relationship may be reasonably anticipated between the criminal action taken and avoidance of the threatened harm;

5. that the defendant did not maintain the illegal conduct any longer than absolutely necessary.

The defendant has the burden of proving the defense of justification by a preponderance of evidence. United States v. Brown, 367 F.3d 549, 556 (6th Cri. 2004). Defendant has to present evidence at trial showing the five elements above in order to warrant a justification instruction. While Defendant has not put forth to date facts meeting most of these elements, he is of course free to do so at trial.

Accordingly, Defendant's motion to dismiss Count 2 is DENIED.

                                              */s/Dan Aaron Polster  December 10, 2010*
                                              Dan Aaron Polster
                                              United States District Judge